UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
David Louime,

          Plaintiff,

  –against –

Anthony Annucci, Commissioner
NYS DOCCS, Joseph, John Doe,
John Doe

             Defendants.

------------------------------x

Complaint under the
Civil Rights Act,
42 U.S.C. §1983

   Jury Trial: Demanded
Case No.: 1: 23 cv 6898



I. Parties in this complaint:

A) David Louime,
   Sing Sing Correctional Facility
   354 Hunter street
   Ossining, NY, 10562

B) Defendant No. 1
   Anthony Annucci
   Commissioner, NYSDOCCS
   The Harriman State Campus
   Albany, NY, 12226-2050

   Defendant No. 3
   John Doe
   Sing Sing C.F.
   354 Hunter Street
   Ossining, NY, 10562

   Defendant No. 2
   Sgt. Joseph
   Sing Sing C.F.
   354 Hunter Street
   Ossining, NY, 10562

   Defendant No. 4
   John Doe
   Sing Sing C.F.
   354 Hunter Street
   Ossining, NY, 10562

     Anthony Annucci is sued in his official capacity;
Correctional Sgt. Joseph, John Doe, and John Doe are sued in their
individual capacities. The following are state prisoners' complaint
and there fore alleges that defendants acted under the color state
law.

### Introduction

This is a civil rights action filed by David Louime a state prisoner for damages and declaratory relief under 42 U.S.C. §1983, 2000 cc-1(a) & 2000 cc-5 (4)(a), alleging violations of his constitutional and statutory rights to exercise his religion of Islam and to be free from establishment of "religious bias", and the denial of congregational worship "Jumah Prayer Service" in violations of the First Amendment to the United States Constitution, and the Equal Protection Clause of the Fourteenth Amendment. The Plaintiff also alleges that defendants have substantially burdened the rights to freely exercise his religion in violations of the Religion Land Use and Institutionalize Person Act of 2000 ("RLUIPA").

### Jurisdiction

1. The Court has jurisdiction over the plaintiff claim of violations of federal and statutory constitutional rights under 42 U.S.C. §1333 (1), 1343, 2000 CC-1(a), 2000 CC-5 (4)(A)

### Parties

2. The plaintiff, David Louime was incarcerated at Sing Sing Correctional Facility (Sing Sing CF) during the events described in this complaint.

3. Defendant Anthony Annucci is the commissioner of NYS DOCCS and is responsible for all of NY correctional facilities. He is sued in his official capacities.

2

4. Defendant Joseph is a correctional sergeant and is in charge of supervision of correctional staff at Sing Sing. He is sued in his individual capacities.

5. Defendant John Doe is a correctional officer employed at Sing Sing who worked the 7am – 3pm shift at Housing Block A, officer in charge (OIC), on April 14, 2023. He/she is sued in his/her individual capacities. Whose name is presently unknown to plaintiff.

6. Defendant John Doe is a correctional officer employed at Sing Sing who worked the 7am – 3pm shift at Housing Block A assigned to work as the "Jumah Service" escorting officer. Whose name is presently unknown to plaintiff. He/She is sued in his/her individual capacities.

II. Statement of Claim:

A) In what institution did the events give rise to your claim(s) occur?    Sing Sing C.F.

B) Where in the institution did the events giving rise to your claim(s) occur? Housing block A and Housing block building 7 prisoners was denied congregational services, I.E. Jumah, NOI, & Rastafarian

C) What date and approximately time did the events giving rise to your claim(s) occur? April 14, 2023, at approx between 11am-1pm

D) Facts: There was upwards to well over two-hundred prisoners who had been intentionally denied their constitutional rights to attend religious services from both housing units.

3

7. On the morning of April 14, 2023, at approx 9:00-9:30am I prisoner David Louime, HBA-K-Gallery Cell#21, spoke with the Gallery officer who was assigned to HBA-K-Gallery regarding the Jumah showers and chapel services.

8. The Officer had instructed me to wait and that showers and services will be called. So I waited in my cell for further instructions, and put down on the go-around list for chapel (Jumah services). At approximately 2:45 pm, Jumah showers returned back to the HBA Housing Unit and the 3-11pm Shift Change had occurred therefore I was never given the opportunity to attend the Jumah service.

9. According to morning announcement Sing Sing will be ran on a holiday schedule.

10. The housing block A announcement was made by the housing block A officer in charge, whose identity and name is unknown to plaintiff at this time.

11. The facility procedure had been imposed to afford prison personnel to attend their former colleagues' memorial service.

12. NYS DOCCS had certain procedural mechanism in place to afford prisoners' their Federal and NYS constitutional rights, in accordance to the Religious Freedom Restoration Act (RFRA), Religious Land Use and Institutionalize Person Act, the First & Eighth Amendment, and State Law.

13. Therefore, I David Louime filed a grievance dated April 14, 2023, which was received and stamped on 4/20/2023 and which gave notice to prison officials that myself and other prisoners were denied our constitutional rights from attending any religious services i.e., Jumah, NOI, and Rastafarian.

14. I, David Louime, have been a devout Muslim approximately 10 years, and participated in every religious fast during the "Holy Month of Ramadan", attends "Jumah" weekly for the past 10 years.

15. During the following day at approximately 6:00 pm, while going to the chapel masjid area, I learned 7-building experienced the same circumstances as A block related to the denial of services i.e. Jumah, NOI, and Rastafarian held in Sing Sing chapel area.

16. Therefore, I am filing this 42 U.S.C. §1983 complaint due to the fact I was denied my constitutional rights of attending the "Jumah" prayer service conducted on April 14, 2023, during the "Holy month of Ramadan" held in the chapel area of Sing Sing.

17. Housing Block A security personnel intentionally breached their constitutional duties by not allowing me to attend my religious services.

18. The plaintiff housed in Housing Block A along with other prisoners' housed in 7-building was treated differently than prisoners' housed in Housing Block "B" and Housed in "5-building", those prisoners were afforded their constitutional rights of

attending the above noted religious held services, held on April 14, 2023, in the Sing Sing chapel area.

III. Injuries:

If you sustained injuries related to the event alleged above describe them and state what medical treatment, if any, you required and received.

19. The plaintiff did not receive any injuries, only constitutional violations.

IV. Exhaustion of Administrative Remedies

The Prisoner Litigation Reform Act of 1995, 42 United States Constitution §1997 (a) required that "[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A) Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓    No ☐

B) Does the jail, prison, or other correctional facility where your claim(s) have a grievance procedure?

Yes ✓    No ☐    Do not know ☐

C) Does the grievance procedure at the Jail, Prison, or other correctional facility where your claim(s) arose cover some of all your claim(s)?

Yes [✓]   No [ ]   Do not know [ ]

If, yes, which claim(s)? First amendment, Free exercise of religion, Eight amendment Equal protection clause, and Religious Land Use and Institutionalize Persons Act.

D) Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose not cover some or all your claim(s)?

Yes [✓]   No [ ]   Do not know [ ]

E) Did you file a grievance at the jail, prison, or other correctional facility where you claim(s) arose?

Yes [✓]   No [ ]

If, no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes [ ]   No [ ]

F) If you did file a grievance about the events describe in this complaint where did you file the grievance? Sing Sing C.F.

1. Which claim(s) in this complaint did you grieve?

See exhibit A

2. What was the results, if any? My complaint was consolidated along with other plaintiffs' grievances pursuant to Title 7 NYCRR §701.5 procedure; (a)(3). An Inmate grievance resolution hearing was held on May 18, 2023, and the facility investigation of the complaint revealed that correctional sergeant Joseph intentionally breached his constitutional duties.

3. What steps if any did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. I appealed the Inmate grievance resolution hearing determination to the superintendent. The superintendent had issued a written decision within (25) days as required by state law. I then appealed it to the central office review committee (CORC).

G) If you did not file a grievance, did you inform any officials of your claim(s)?
If, yes, whom did you inform and when did you inform them?
If, no, why not?

4. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

20. The plaintiff has exhausted his administrative remedies with respect to all claims.

V. Relief: State what you want the court to do for you.
Award compensatory and punitive damages as well declaration.

21.  The  failure  of  defendant  Anthony  Annucci  to  take disciplinary  or  other  action  to  curb  the  known  patterns  of  denying prisoners'  free  exercise  of  religion  by  the  defendant  Joseph,  John doe,  and  John  Doe  constituted  deliberate  indifference  to  the plaintiff  and  other  prisoners'  religious  practices  contributed  to approximately  cause  the  above  describe  violations  of  the  First, Fifth,  and  Fourteenth  Amendment  to  the  United  States  Constitution, and  the  Religious  Land  Use  and  Institutionalize  Person  Act.

22.  The  actions  of  defendants  Joseph,  John  Doe,  and  John  Doe  in failure  to  act  on,  and  follow  NYS  DOCCS  "protocol"  emailed  by  Capt. N.,  and  falsifying  reports  denied  the  plaintiff  and  other  prisoner's free  exercise  of  religion,  and  the  Religious  Land  Use  and Institutionalize  Person  Act  in  violation  of  clearly  established constitutional,  and  statutory  laws  under  the  United  States Constitution.

23.The  action  of  defendant  Joseph,  John  Doe,  and  John  Doe  in failure  to  act,  follow  NYS  DOCCS  "protocol"  emailed  by  Capt.  N.,  and falsifying  reports  denied  the  plaintiff  and  other  prisoners'  Equal Protection  of  the  law  in  violation  of  the  Fifth  and  Fourteenth Amendment  to  the  United  States  Constitution.

Wherefore,  the  plaintiff  requests  that  the  court  grant  the following  relief:

A)  Issue  a  declaratory  judgment  stating  that:

1. Defendant Anthony Annucci failed to take action to curb known patterns of denying free exercise of prisoners' religion violated the plaintiffs rights under the First, Fifth, and Fourteenth Amendment to the United States Constitution and the Religious Land Use and Institutionalize Person Act.

B) Award compensatory damages in the following amounts:

1. $100,000 jointly and severally against defendant Joseph, John Doe, and John Doe for denial of plaintiffs' right under the First, Fifth, and Fourteenth Amendment to the United States Constitution and Religious Land Use and Institutionalize Person Act.

C) Award Punitive damages in the following amounts:

1. $50,000 each against defendant Joseph, John Doe, and John Doe.

VI. Previous Lawsuits:

A. Have you filed other lawsuits in state of federal court dealing with the same facts involved in this action? Yes ☐    No ☒

B. If, your answer to A is Yes, describe each lawsuit in questions 1 through 7. (if there's more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

1. Parties to this previous lawsuit:

Plaintiff_____

Defendants_____

2.Court I (if federal court, name the district; if state, name county)_____

3. Docket or Index Number_____

4. Name of Judge assigned to your case_____

5. Approximate date of filing lawsuits_____

6. Is the case still pending? Yes [ ]    No [ ]

7. what was the result of the case? (for example: was the case dismissed? Was there judgment in your favor? Was the case appealed?)_____

D. Have you filed other lawsuits in the state or federal court otherwise relating to your imprisonment?_____

E. If, your answer to D is yes, describe each lawsuit in question 1 through 7.

1. Parties to this previous lawsuit:

Plaintiff___DAVID LOUIME_____

Defendants___ROBERT PRESSLEY, et. al._____

2.Court I (if federal court, name the district; if state, name county)__SOUTHERN DISTRICT OF NEW YORK_____

3. Docket or Index Number_____21 CV 9594_____

4. Name of Judge assigned to your case_Vincent L. Briccetti

5. Approximate date of filing lawsuits___January 2022____

6. Is the case still pending? Yes [ ]    No [ ]

7. what was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?)_____Case is still pending.

11

Signed this _23_ day of _Aug._, 20_23_. I declare under the penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff _D. Louime_

| Incarcerated Individual Mailing Address | David Louime #.17-A-3218<br>Sing Sing C.F.<br>354 Hunter Street<br>Ossining, NY, 10562 |

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under the penalty of perjury that on this _23_ day of _August_, 2023. I deliver this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff _D. Louime_

FORM 2131E (9/12)   STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY    *Exhibit A.*

**INMATE GRIEVANCE COMPLAINT**

_Sing Sing_   (16)   CORRECTIONAL FACILITY

| Grievance No. |
|---|
| 04/2-23 |
| (CON) |

Date: _4/17/23_

Name: _Louime, David_   Dept. No.: _1743218_   Housing Unit: _HBA-K-21_

Program: _K+O PH_   AM _____   PM _____

*(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) **Please** be advised that on Friday April 14, 2023 I was denied the right to practice my religion by being deprived of attending Jummah Services. Thus my rights under the 1st and 14th amendment of the United States constitution were violated, (RLUIPA) Africa v. Commonwealth of Pennsylvania.

Grievant Signature: _D. Louime_

Grievance Clerk: _____   Date: _____

Advisor Requested   ☐ YES   ☐ NO   Who: _____

Action requested by inmate: requesting a response from each party, (i.e escort officer, Lt., capt, and OIC), as to why my constitutional rights were permitted to be violated.

The Grievance has been formally resolved as follows:

_____

**RECEIVED**

APR 2 0 2023

SING SING I.G.P.

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

MR. DAVID LOUIME
17-A- 3218
SING SING CORRECTIONAL FAC.
354 HUNTER STREET
OSSINING, NY 10562

NG SING
Correct
ional Facility
NIS

quadient
08/24/2023
US POSTAGE $003.0
FIRST-CLASS
ZIP 1056
041M114705

RECEIVED
AUG 28 2023
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
AUG 29 2023
PRO SE OFFICE

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE-500 PEARL ST.
NEW YORK, NY 10007

USDC
SDNY

Pro Se
B.C.